### FRANK STRABLER V. TOLEDO BRIDGE CO. ET AL.

1. SERVANT HAS A RIGHT TO ASSUME PERFORMANCE OF MASTER'S DUTY.

A servant who proceeds with reasonable care to enter and remain upon a scaffold in the prosecution of his work has a right to assume that the master has performed his duty of providing and maintaining a safe place and is not required to investigate to determine whether such scaffold is safe; such servant is not chargeable with negligence unless the defect and danger is obvious or unless he has been advised of the failure of the master to perform his duty or of such facts as would cause a reasonably prudent man to investigate the scaffold himself before going upon it.

**2. IS NOT REQUIRED TO INVESTIGATE SUBSEQUENT CHANGES.**

Where a scaffold was firmly constructed in the first instance, but, through use or removal of certain boards, by direction of the foreman, it had become racked, insecure and unsafe, a servant without knowledge of such defective condition cannot be charged with negligence in not investigating, even though he had an equal opportunity with the master to make an investigation and discover the defect and danger.

**3. KNOWING DANGER AND ASSUMING MASTER WOULD REPAIR.**

And if the servant knew that the removal of the boards was likely to render the scaffold insecure, he had a right to assume that the master had performed his duty in again securing it and in the absence of knowledge on the part of the servant that the foreman had not done so, the servant's right to recover is not defeated.

**4. NEGLIGENT WORK OF CONTRACTOR IN BUILDING.**

A person who agrees to put floor in a building for another, and fails to do so, whereby another is injured, is liable only to the person with whom he contracted. Therefore, a servant of the master for whom the structure was built, not being a party to the contract, acquires no right of action against the contractor. This rule is not affected by the act of February 23, 1893, 90 O. L., 52.

**5. RULE AS TO JOINT LIABILITY AND RELEASE.**

Where the failure to perform a duty which was devolved upon one of several defendants, in an action for personal injuries, was not the proximate cause of the accident, as a failure to have a floor provided in a building, from which simply resulted a more severe injury, such defendant is not jointly liable with the defendant whose negligence was the proximate cause of the injury, and a settlement with the former would not release the latter from liability.

HEARD ON ERROR.

PARKER, J.

Frank Strabler was in the employ of Stephen J. Pickett, engaged in the work of laying brick and other like service upon the Valentine building, in this city, Pickett being the contractor for and having charge of the laying of the walls of the building. The scaffolding upon which Strabler was while at work fell and he was thrown to the cellar of the building and was injured. He brought his action to recover damages against the Toledo Bridge Company, as well as against Stephen J. Pickett, alleging that the negligence of the bridge company consisted in failing to construct floors beneath where he was at work upon this scaffolding, as required by an act entitled "An act to provide for the safety of mechanics and others engaged in the work of constructing buildings," passed February 23, 1893, 90 O. L., 52.

Plaintiff charged that Pickett also was guilty of negligence in this respect; that the duty devolved upon him as well as upon the bridge company to floor the story of the building immediately beneath where plaintiff was at work. And plaintiff further avers that the Toledo Bridge Company were under contract with the proprietor of the building— Ketcham—to construct such a floor; also that Pickett furnished a weak and unsafe scaffold which fell, and that therein he was guilty of negligence.

Upon the trial, after the evidence was all in, the judge of the court below directed a verdict for the Toledo Bridge Company, which was returned accordingly; and then the case went to the jury upon the proofs to determine the rights of Strabler against Pickett, and the jury returned a verdict in favor of Pickett.

Now Strabler prosecutes error, alleging as against the bridge company that "The court erred in directing the jury to return a verdict for

the defendant, The Toledo Bridge Company;" and that, as against Pickett, the court erred in its charge to the jury; and there are other errors assigned, but these are the chief grounds alleged.

On the trial below evidence was introduced tending to prove that the plaintiff, a brick mason's apprentice, while engaged in the service of his master, Stephen J. Pickett, one of the defendants, assisting in the erection of one of the brick walls of a building and while proceeding under the direction of a foreman, went upon a scaffold provided and erected by the master to be used by those doing the kind of work which plaintiff was directed to do, and while plaintiff was engaged in such work the scaffold fell, precipitating plaintiff to the cellar of the building, whereby he received the injuries on account of which this action was brought.

Evidence also tended to show that the scaffold was firmly constructed in the first instance, but that through use or the removal of certain boards therefrom, by direction of the foreman, it had become racked, insecure and unsafe, and that such racked, insecure and unsafe condition was not known to the plaintiff and was not obvious to one working thereon, though it might have been readily discovered by either the plaintiff or said foreman by reasonably careful investigation directed to the end of ascertaining whether it was in a secure and safe condition, but that neither plaintiff nor said foreman, nor any person on beoalf of the master inspected or investigated said scaffold after said boards had been removed therefrom. Also that both plaintiff and said foreman knew that said boards had been removed from said scaffold, and that the removal thereof was likely to rack the scaffold and render it insecure and unsafe; but plaintiff did not know that it had not been subsequently inspected by the foreman, and supposing that it was the duty of the foreman to see that the scaffold was kept in a secure and safe condition, and that the foreman had performed that duty, and relying upon that assumption, he went upon said scaffold and proceeded with his work without investigation to determine whether the scaffold was secure and safe.

After evidence had been introduced tending to establish this state of facts, the plaintiff requested the court to charge the jury, amongst other propositions, as follows:

"An employe in going to work for his employer has a right to assume his employer has furnished him a safe place to work, and safe appliances to do his work. He can only be chargeable with negligence when he continues at his work when he knows, or in the exercise of ordinary care is bound to know, the place or appliance is unsafe."

This the court refused to give, and the court did not embody in its charge the principle involved in the proposition requested, but did charge the jury that "If the plaintiff knew or had equal means with the defendant of knowing the danger of the falling of the scaffold while he was at work upon it, he cannot recover."

In refusing to charge as requested and in charging as stated, the court erred. If the plaintiff proceeded with reasonable care to enter and remain upon the scaffold in the prosecution of his work, without investigating to determine whether it was secure and safe, because of his reliance upon the assumption that the master had performed his duty of providing and maintaining a safe place (that is, in this case, a safe scaffold), he would not be chargeable with negligence in so doing unless the defect and danger were obvious, or unless he had been advised of the

failure of the master to perform his duty, or of such facts as would have caused a reasonably prudent man to investigate the scaffold himself before going upon it.

Under the circumstances that the evidence tended to prove as above set forth, reasonable care on the part of the plaintiff would not require him to make such investigation on his own account, and he would not be chargeable with negligence or his right to recover would not be defeated on the ground of negligence because of his failure to do so, even though he had an equal opportunity with the master to make such investigation and to thereby discover the defect and danger.

Plaintiff was entitled to have the law as to his right to proceed upon the assumption that the master had performed his duty in providing and maintaining a safe place, stated to the jury in the charge of the court.

In support of this we cite Clow & Sons v. Boltz, 92 Fed. Rep., 572; Illinois Steel Co. v. Schymanswiski, 162 Ills., 147; Vandusen G. & G. E. Co. v. Schelies, 61 Ohio St., 298.

It was contended upon the hearing, and it was one of the defenses pleaded, that there had been a settlement made by the plaintiff with Mr. Ketcham, the proprietor of the building, on account of this accident, and that Mr. Ketcham had been relieved from liability or responsibility, and that appeared to be true; but we are of the opinion that the absence of the floor from the floor beneath the scaffold where the plaintiff was working was not a proximate cause of his injury; that it was not one of the con current causes, that it was simply a condition from which resulted a more severe injury, perhaps, than he would have received if it had been there, and that since no other duty devolved upon Mr. Ketcham in the premises than to have the floor provided, (we do not undertake to say that there was devolved upon him, but no other or greater duty devolved upon him), there was no joint liability, and therefore a settlement with Mr. Ketcham would not have the effect of discharging others who may have been wrongdoers. And since we find that the absence of a floor from the floor beneath the scaffold was not a proximate cause of the injury, and no other or further duty than to provide such floor is claimed to have rested upon the Toledo Bridge Company, we conclude that there was no error on the part of the court in directing a verdict for the Toledo Bridge Company.

It is contended that the Toledo Bridge Company was bound to the plaintiff to provide the floor because it had entered into a contract with Ketcham to provide such floors; but the fact that the absence of the floor was not the proximate cause of the injury, would be an answer to that claim. The fact that it had entered into a contract with Mr. Ketcham to provide the floors is of no consequence so long as the absence of the floor was not a proximate cause of this injury.

There is still another answer to that proposition, and that is, that the plaintiff was not a party to this contract to provide the floors and had no interest whatever therein and could claim nothing thereunder, as held in Bailey v. Natural Gas Co., 2 Circ. Dec., 656, a case decided by this court in which that principle is discussed, and authorities are cited.

For the reasons stated, the judgment of the court below in favor of the bridge company, will be affirmed, and the judgment in favor of Pickett will be reversed and the cause remanded.

*Hurd, Brumback & Thatcher*, for plaintiff in error.

*E. W. Tolerton*, for defendant in error, The Toledo Bridge Co.

*Rathburn Fuller*, for defendant in error, Stephen J. Pickett.